**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

HAROLD JACKSON,

                Plaintiff

              - v -                    Civ. No. 9:04-CV-447
                                                             (GLS/RFT)

OFFICER DUCHER, Medical Department; ONEIDA
MEDICAL DEPARTMENT; DOCTOR CARTER, Dental
Department; OFFICER FRENCHY, Dorm Officer,

                              Defendants.

**APPEARANCES:**                                    **OF COUNSEL:**

HAROLD JACKSON
Plaintiff, *Pro Se*
02-A-6683
Oneida Correctional Facility
6100 School Road
Rome, New York 13442

HON. ELIOT SPITZER                             STEVEN H. SCHWARTZ, ESQ.
Attorney General of the State of New York       Assistant Attorney General
Attorney for Defendant Ducher
The Capitol
Albany, New York 12224

**RANDOLPH F. TREECE**
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION and ORDER

      *Pro se* Plaintiff Harold Jackson brings the instant civil rights action pursuant to 42 U.S.C. § 1983. Dkt. No. 7, Am. Compl. In his Amended Complaint, Jackson complains of treatment he received, including medical care, while incarcerated at Oneida Correctional Facility. *Id*. Defendant Officer Ducher, the only Defendant who has appeared in this action, moves for Judgment on the Pleadings pursuant to FED. R. CIV. P. 12(c). Dkt. No. 17. The remaining Defendants have not been

properly served with process. Despite being granted an extension of time to do so, Plaintiff has failed to respond to Ducher's Motion for Judgment on the Pleadings.[1] *See* Dkt. No. 18, Order, dated Oct. 24, 2005 (*sua sponte* granting Plaintiff an extension of time to respond). For the reasons that follow, this Court recommends **granting** the Motion and **dismissing** the Amended Complaint in its entirety.

## I.  PROCEDURAL BACKGROUND

Due to Jackson's failure to take certain steps to ensure the prosecution of this action, and in light of the recommendations included herein, this Court finds that a recitation of the procedural history is warranted.

This action began on April 21, 2004, with the filing of a civil rights Complaint. Dkt. No. 1, Compl. Accompanying the Complaint was an Application to Proceed *In Forma Pauperis*, a Motion for the Appointment of Counsel, and an Inmate Authorization Form. *See* Dkt. Nos. 2-4, respectively. On April 29, 2004, after reviewing the adequacy of the Complaint, the Honorable Gary L. Sharpe, United States District Judge, directed Plaintiff to submit an amended complaint to avoid dismissal of this action.[2] Dkt. No. 5. Thereafter, in compliance with such Order, Jackson filed an Amended Complaint, which although not a model of clarity was nevertheless deemed sufficient and service on the named individuals was thus ordered. Dkt. No. 8. Summonses were thereafter issued for Doctor Carter, Officer Ducher, Officer Frenchy, and the Oneida Medical Department; only the Summons issued for Officer Ducher was returned executed. *See* Dkt. Rep., entry dated June 17, 2004; Dkt. No. 9. On July 15, 2004, the Court received a letter from Wanda

---

[1] This matter was referred to the undersigned pursuant 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

[2] Judge Sharpe also granted Plaintiff's *In Forma Pauperis* Application and denied his Motion for Appointment of Counsel. *See* Dkt. No. 5.

Muncy, Inmate Records Coordinator II (IRC), New York State Department of Correctional Services (DOCS). Dkt. No. 12. By her letter, dated July 12, 2004, Ms. Muncy informed the Court that she was returning documents to the Court as there are numerous employees in the Oneida Medical Department and she would be unable to serve such documents without a staff member name. *Id*.

On August 20, 2004, Defendant Ducher filed his Answer to the Amended Complaint and a Pre-Trial Scheduling Order was thereafter issued. Dkt. Nos. 14 & 15. On August 18, 2005, Ducher filed his Motion for Judgment on the Pleadings; a response to such Motion was due on September 19, 2005. Dkt. No. 17. On October 24, 2005, having not received any response to Ducher's Motion, this Court *sua sponte* issued an Order extending the time for Jackson to respond to the Motion. Dkt. No. 18. After reviewing the entire file, this Court further noted in that Order that none of the other Defendants had appeared in this action. In light of the Plaintiff's *pro se* and IFP status, this Court directed that the Marshals Service provide a written summary of the steps taken to serve the named Defendants. *Id*. Pursuant to that directive, the Marshals Service provided an account of what transpired. Dkt. No. 19. According to the Service, Plaintiff only requested service of the Amended Complaint on Officer Ducher and the Oneida Medical Department. *Id*. As for Defendant Ducher, and as reflected in the Docket Report, service was successfully completed. *Id*. As to the Oneida Medical Department, the Marshals Service references the correspondence received from Wanda Muncy, a copy of which along with the USM-285 Form[3] was filed with the Clerk of the Court, with another copy mailed to Plaintiff on July 13, 2004. *Id*. The Marshals Service did not

---

[3] USM-285, entitled "Process Receipt and Return," is the form utilized by the Marshals Service in effectuating service of process. *See* United States Marshals Service Website, *available at* http://www.usmarshals.gov/process/index.html (last visited Jan. 18, 2006). An inmate seeking to file a civil action in federal court is provided with an instruction packet, which contains, *inter alia*, a memorandum from the Clerk of the Court explaining how to fill out the USM-285 Form. *See* United States District Court, Northern District of New York Website (Forms Section), *available at* http://www.nynd.uscourts.gov/forms.htm (last visited Jan. 18, 2006).

receive any other requesting documents relative to the other Defendants. After receiving this status report, and in light of the Marshals' position that they never received service requests for all Defendants, the Clerk of the Court wrote to Plaintiff on November 7, 2005, informing him that he failed to submit USM-285 Forms for Defendants Carter and Frenchy and that he should sign the forms enclosed therein and return them to the Court so his case could progress. To date, the Court has not received any completed USM-285 Forms from Plaintiff nor, as indicated above, has he responded to Defendant Ducher's Motion.

## II. FACTUAL BACKGROUND

The following bare facts are derived from the Amended Complaint, which on a motion for judgment on the pleadings, this Court must construe as true. *See infra* Part III.A. According to Plaintiff's Amended Complaint, on or about January 16, 2003, at approximately 9:45 p.m., while at Ogdensburg Correctional Facility, Plaintiff fell while trying to get down from his top bunk. Jackson sustained an unspecified injury from the fall. Am. Compl. at Attach. p. 5, ¶ 1.[4] Officer Frenchy was the dorm officer at the time. *Id*. In December 2003, the dental clinic at Oneida Correctional Facility, with Dr. Carter as the "dental doctor," pulled ten of Jackson's teeth and, as of the date of the Amended Complaint, had not provided him with his false teeth making it extraordinarily difficult to eat. *Id*. at ¶ 4. On January 16, 2004, while housed at Oneida Correctional Facility, Jackson reported to sick call and complained about his left eye. *Id*. at ¶ 2. He

---

[4] In drafting his Amended Complaint, Jackson utilized a form specifically provided to inmates who wish to file civil rights complaints pursuant to 42 U.S.C. § 1983. The form used by Jackson is similar to the one provided by the Northern District of New York. *See* Northern District of New York Website (Forms Section), *available at* http://www.nynd.uscourts.gov/pdf/inmatciv.pdf (last visited Jan. 18, 2006). Jackson also attached an additional sheet to his *pro forma* Amended Complaint, which we construe as an attachment to page five (5) of the body of the Amended Complaint and will cite to such page accordingly. The attached page purports to expound upon the limited facts giving rise to his claims.

did not receive any treatment and was instead told he had to "live with it." *Id*. Finally, on an unspecified date, Officer Ducher called Jackson some names and treated him "like one of his kids." *Id*. at ¶ 3.

### III.  DISCUSSION

#### A.  Standard of Review

"Judgment on the pleadings is appropriate where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings." *Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 642 (2d Cir. 1988) (citation omitted). In applying Rule 12(c), the court must utilize the same standard as that applicable to a motion under Rule 12(b)(6). *The Irish Lesbian and Gay Org. v. Giuliani*, 143 F.3d 638, 644 (2d Cir. 1998). On a motion to dismiss pursuant to Rule 12(b)(6), the court accepts as true all factual allegations in the complaint. *See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993). Further, "the court should construe the complaint liberally and draw inferences from the plaintiff's allegations in the light most favorable to the plaintiff." *Tamayo v. City of New York*, 2004 WL 137198, at *5 (S.D.N.Y. Jan. 27, 2004) (citing *Desiderio v. Nat'l Ass'n of Sec. Dealers, Inc.*, 191 F.3d 198, 202 (2d Cir. 1999)). The court need not credit conclusory statements unsupported by assertions of facts or legal conclusions and characterizations presented as factual allegations, *see Papasan v. Allain*, 478 U.S. 265, 286 (1986), and must limit itself to facts stated in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint, *Dangler v. New York City Off Track Betting Corp.*, 193 F.3d 130, 138 (2d Cir. 1999).

Dismissal is appropriate only where "it appears beyond doubt that the plaintiff can prove no

set of facts in support of his claim which would entitle him to relief," *Phillip v. Univ. of Rochester*, 316 F.3d 291, 293 (2d Cir. 2003) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)), or where the complaint fails as a matter of law, *Phelps v. Kapnolas*, 308 F.3d 180, 187 (2d Cir. 2002), *see Smith v. City of New York*, 290 F. Supp. 2d 317, 319 (E.D.N.Y. 2003) ("The appropriate inquiry is not whether the plaintiff might ultimately prevail on her claim, but whether she is even entitled to offer any evidence in support of the allegations in the complaint.") (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

### B.  Claim Against Defendant Ducher

While there may be some issue concerning Plaintiff's failure to exhaust his administrative remedies prior to bringing this civil action,[5] as is his obligation pursuant to the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e, we note that Plaintiff's entire Amended Complaint is conclusory and fails to state any cognizable claim against any of the named Defendants.  Because Defendant Ducher is the only appearing Defendant, we first address the sufficiency of any claims stated against him.

Plaintiff's claim against Defendant Ducher is rather brief: "Here at Oneida the officer name[d] [D]ucher called me some bad names and treated me like one of his kids[.]  I am not a kid he did not have the right to [swear] at me the way he did."  Am. Compl., Attach. p. 5, ¶ 3.

---

[5] In the portion of Jackson's Amended Complaint that addresses exhaustion issues, Jackson asserts he exhausted his administrative remedies; his answers to the questions, however, are vague at best.  Am. Compl. at p. 5.  Jackson also failed to attach any documentation indicating that his claims have been properly exhausted.  The Court notes that only if he himself had kept copies of his grievances would such information at the early pleading stage be available to him.  In Defendant Ducher's Motion for Judgment on the Pleadings, Assistant Attorney General (AAG) Steven Schwartz affirms that DOCS officials have informed him that Plaintiff failed to file any formal or informal grievances regarding any of the allegations as to Defendant Ducher.  Dkt. No. 17, Schwartz Affirm. at ¶ 2.  However, based upon his assessment of the claims pled, and in an effort to conserve resources, both for the state and the judiciary, AAG Schwartz opted not to include affidavits to that effect since the submission of such affidavits would necessitate the filing of a motion for summary judgment.  *Id*.  He preserved his right to submit such affidavits should the Court not grant the relief sought.  *Id*.

Defendant Ducher is not mentioned anywhere else in the Amended Complaint. Affording the greatest of liberality in construing Plaintiff's claims, this Court cannot affirmatively state that Plaintiff has adequately asserted a cognizable cause of action against Defendant Ducher beyond the conclusory allegation that Ducher called him some names. A claim brought under § 1983 is "not designed to rectify harassment or verbal abuse." *Gill v. Hoadley*, 261 F. Supp. 2d 113, 129 (N.D.N.Y. 2003) (citing *Alnutt v. Cleary*, 913 F. Supp. 160, 165-66 (W.D.N.Y. 1996)); *Aziz Zarif Shabazz v. Picco*, 994 F. Supp. 460, 474 (S.D.N.Y. 1998) (ordinarily, a claim for verbal harassment is not actionable under § 1983). Moreover, "verbal harassment or profanity alone, unaccompanied by an injury no matter how inappropriate, unprofessional, or reprehensible it might seem, does not constitute the violation of any federally protected right and therefore is not actionable under 42 U.S.C. § 1983." *Aziz Zarif Shabazz v. Picco*, 994 F. Supp. at 474 (cited in *Garrett v. Reynolds*, 2003 WL 22299359, at * 4 (N.D.N.Y. Oct. 7, 2003)). Accordingly, insulting or disrespectful comments towards an inmate do not rise to the level of retaliation and thus is not a constitutional violation. *Dawes v. Walker*, 239 F.3d 489, 492 (2d Cir. 2001) (calling inmate a "rat" is not a constitutional violation). As such, Jackson's allegation that Defendant Ducher called him names and treated him like a child is simply not a cognizable § 1983 violation. We therefore recommend **granting** Defendant Ducher's Motion and **dismissing** him from this action.

### C. Service of Other Defendants

As detailed above, none of the other named Defendants have been properly served with process in this action. Under FED. R. CIV. P. 4(c)(1), the plaintiff is responsible for service of the summons and complaint for each defendant within a specified time period. Specifically, the plaintiff must effectuate service of process within 120 days of the filing of the complaint. FED. R.

CIV. P. 4(m).[6]  Failure to properly serve any defendant in accordance with the Federal Rules will result in the court, upon motion or on its own initiative, to dismiss the case without prejudice as to that defendant.  *Id*.  Here, due to Plaintiff's failure to take the necessary steps, three of the four Defendants have not been served.  Plaintiff was provided additional opportunities to provide the necessary forms, yet he failed to do so.  In light of the substantial lapse of time within which Plaintiff was notified of his obligation to submit the proper forms to ensure service is effectuated and the fact that the other named Defendants have not been served, this Court could recommend dismissal of the remainder of Plaintiff's Amended Complaint.  *See* FED. R. CIV. P. 4(m). Furthermore, in light of Plaintiff's continued inaction in this matter, this Court could construe Plaintiff's failure to act as an abandonment of his claims and such abandonment could also constitute grounds for the Court recommending dismissal of Plaintiff's Amended Complaint.  *See* FED. R. CIV. P. 41(b); N.D.N.Y.L.R. 41.2 ("[P]laintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution.").  Indeed, Plaintiff was notified of the necessity of such forms to be submitted to the Marshals Service, yet he failed to act.  This case can be readily distinguished from situations where a plaintiff proceeding IFP has furnished the proper information to the Marshals Service and is dependent upon them for timely service.  Instead, as set forth in the procedural history, it is the Plaintiff who failed to furnish the necessary information to the Marshals Service.  Based on such facts, this Court would normally recommend dismissal of the unserved Defendants **without prejudice**.  However, in light of Plaintiff's continued inaction, but more importantly, based upon Plaintiff's failure to assert cognizable claims, as explained below, against the unserved Defendants, this Court recommends **dismissal with prejudice** of the entire

---

[6] Under the Local Rules for the Northern District of New York, a plaintiff must effectuate service within sixty (60) days.  N.D.N.Y.L.R. 4.1(b).

Amended Complaint.

In accordance with 28 U.S.C. § 1915(e)(2), when a plaintiff proceeds with an action IFP, a court shall dismiss the case **at any time** "if the court determines that . . . the action . . . fails to state a claim on which relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(B)(ii). In this Court's estimation, as with the claim against Defendant Ducher, Jackson fails to state cognizable claims in the remainder of his Amended Complaint.

First, with regard to Defendant Frenchy, Jackson claims that while at Ogdensburg he fell off his top bunk and that Defendant Frenchy was the dorm officer at the time. Am. Compl., Attach. p. 5, ¶ 1. Jackson does not, however, attribute his fall in any way to Frenchy, nor does he claim that Frenchy failed to attend to whatever unspecified injuries Jackson claims to have suffered as a result of the fall. Instead, Jackson merely claims that Officer Frency was the dorm officer at the time. Such statement is insufficient to render Officer Frenchy liable under § 1983 as he is not alleged to have been personally involved in any wrong doing. It is well settled that the personal involvement of a defendant is a prerequisite for the assessment of damages in a § 1983 action. *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir. 1977). Since this is the only factual assertion against Officer Frenchy, the Court recommends **dismissal** of this Defendant pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as failing to state a claim for relief.

Jackson's next allegations can be dealt with together since they both concern medical care he received, or did not receive, at Oneida. First Jackson complains that the medical staff failed to provide him with treatment when he complained about his left eye. Next he claims that the dental clinic, and possibly Dr. Carter, pulled out ten of his teeth and have not provided him with his false teeth. Am. Compl., Attach. p. 5, ¶¶ 2 & 4.

Presumably, Jackson is attempting to assert Eighth Amendment claims for denial of adequate medical care. To state such a claim, a prisoner must demonstrate that prison officials acted with "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The plaintiff must allege conduct that is "'repugnant to the conscience of mankind' or 'incompatible with the evolving standards of decency that mark the progress of a maturing society.'" *Ross v. Kelly*, 784 F. Supp. 35, 44 (W.D.N.Y. 1992), *aff'd*, 970 F.2d 896 (2d Cir. 1992) (quoting *Estelle v. Gamble*, 429 U.S. at 102, 105-06). To accomplish this, the prisoner must demonstrate (1) a serious medical condition and (2) deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 834-35 (1994); *Hathaway v. Coughlin ("Hathaway I")*, 37 F.3d 63, 66 (2d Cir. 1994). The first prong is an objective standard and considers whether the medical condition is sufficiently serious. The Second Circuit has stated that a medical need is serious if it presents "'a condition of urgency' that may result in 'degeneration' or 'extreme pain.'" *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (quoting *Hathaway I*, 37 F.3d 63, 66 (2d Cir. 1994)). The second prong is a subjective standard requiring a plaintiff to demonstrate that the defendant acted with the requisite culpable mental state similar to that of criminal recklessness. *Wilson v. Seiter*, 501 U.S. 294, 301-03 (1991); *Hathaway I*, 37 F.3d at 66. A plaintiff must demonstrate that the defendant acted with reckless disregard to a known substantial risk of harm. *Farmer v. Brennan*, 511 U.S. at 836. This requires "something more than mere negligence . . . but something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id*. at 835; *see also Weyant v. Okst*, 101 F.3d 845, 856 (2d Cir. 1996) (citing *Farmer*). Further, a showing of medical malpractice is insufficient to support an Eighth Amendment claim unless "the malpractice involves culpable recklessness, i.e., an act or a failure to act by the prison doctor that

*-10-*

evinces 'a conscious disregard of a substantial risk of serious harm.'" *Chance v. Armstrong*, 143 F.3d at 702 (quoting *Hathaway v. Coughlin ("Hathaway II")*, 99 F.3d 550, 553 (2d Cir. 1996)); *see also Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003) (citations omitted).

First, with regard to Jackson's left eye "ailment," and putting aside for the moment that Jackson fails to attribute the failure to treat such ailment to any specific person,[7] the Court notes that Jackson has not adequately pled the nature of his condition to allow for an assessment of seriousness. He doesn't even claim he experienced any pain; he merely states he complained about his left eye. Thus, Jackson clearly fails to meet the first prong of the Eighth Amendment analysis. Accordingly, this claim should be **dismissed** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as failing to state a claim for relief. Turning now to the claim regarding his teeth, the Court notes that even if, drawing all favorable inferences for Plaintiff, the Court were to find that Jackson established he was suffering from a medical condition that created the requisite urgency and attendant circumstance, and from the bare facts alleged, this is quite a stretch, Jackson's claim still fails since he fails to attribute sufficiently culpable conduct to any specific Defendant in deliberately causing him pain through failure to provide him care. Instead, he merely states "the name of the dental doctor is Dr. Carter." He does not, however, attribute any culpable conduct to Dr. Carter, for example, he does not explain if Dr. Carter was responsible for ordering the false teeth nor whether Dr. Carter was made aware of the fact that Jackson's false teeth had not been received. Furthermore, and possibly even more telling, the only injury Jackson complains of is the fact that he has trouble eating. He does not allege pain or that he is starving because he can't eat. Accordingly, the Court recommends

---

[7] Jackson claims that the nurse would not provide her name. Jackson has never enumerated what steps he took to ascertain the identity of the nurse, that is, beyond purportedly asking her, nor has Jackson ever sought Court intervention to ascertain the identity despite being informed that the Marshals Service could not effectuate service without a properly identified individual.

**dismissal** of the claims against Dr. Carter pursuant to 28 U.S.C. 1915(e)(2)(B)(ii) for failure to state a claim for relief.

## IV.  CONCLUSION

On the whole, the Court views the factual allegations contained in Jackson's Amended Complaint as nothing more than conclusory.  When claims are "so baldly conclusory that they fail to give notice of the basic events and circumstances which plaintiff complains" they are, as a matter of law, insufficient to state a claim.  *Lugo v. Senkowski*, 114 F. Supp. 2d 111, 113 (N.D.N.Y. 2000) (citing *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987)).  In accordance with the power bestowed upon the courts pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the Court recommends **dismissal** of the entire Amended Complaint as failing to state any cognizable claim.

**WHEREFORE**, it is hereby

**RECOMMENDED**, that Defendant Ducher's Motion for Judgment on the Pleadings (Dkt. No. 17) be **GRANTED** and he be **DISMISSED** as a Defendant in this action; and it is further

**RECOMMENDED**, that the entire Amended Complaint be **DISMISSED** in accordance with 28 U.S.C. § 1915(e)(2)(B)(ii) as failing to state any cognizable claim; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.</u>**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R.

CIV. P. 72(b), 6(a), & 6(e).

Dated: January 31, 2006
       Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge